# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

United States of America

v.

1. Ivan Alejandro Rodriguez-Sanchez,
2. Jesus Eleazar Cardenas-Inostroza

Case No.: 23-5422mj

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

On or about the date of August 10, 2023, in the County of Maricopa, in the District of Arizona, the defendants, Ivan Alejandro Rodriguez-Sanchez and Jesus Eleazar Cardenas-Inostroza, violated Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C), an offense described as follows:

Conspiracy to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

I further state that I am a Special Agent with the United States Drug Enforcement Administration and that this complaint is based on the following facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein.**

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

AUTHORIZED BY: AUSA William Bryan
Digitally signed by WILLIAM BRYAN
Date: 2023.08.11 09:52:46 -07'00'

Johanna Childress, Special Agent, DEA
Name of Complainant

JOHANNA CHILDRESS
Digitally signed by JOHANNA CHILDRESS
Date: 2023.08.11 09:35:45 -07'00'
Signature of Complainant

Sworn to telephonically and subscribed electronically

August 11, 2023 @ 10:29 am    at    Phoenix, Arizona
Date                                       City and State

HONORABLE DEBORAH M. FINE
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## STATEMENT OF PROBABLE CAUSE

I, Johanna Childress, Special Agent of the United States Drug Enforcement Administration (DEA), being duly sworn, declare and state as follows:

### INTRODUCTION AND BACKGROUND OF AFFIANT

1. I am currently assigned to the Phoenix Field Division, Group 16 ("DEALERS"). DEALERS is a law enforcement group comprised of agents and officers from several federal and local agencies, assigned to investigate large-scale drug trafficking. I have been a Special Agent with the DEA since December 2022, and have served in various investigative and training capacities within the DEA's Phoenix Field Division Office. I have successfully completed the DEA Basic Agent Training in Quantico, Virginia, where I received several hundred hours of comprehensive, formalized instruction in such matters as drug identification, detection, trafficking and interdiction, money laundering techniques, and asset identification, seizure, and forfeiture.

2. Throughout my time in law enforcement, I have conducted and participated in multiple investigations involving the unlawful importation, transportation, and distribution of drugs including clandestine fentanyl, methamphetamine, cocaine, and marijuana. I have debriefed defendants and witnesses who had personal knowledge of major drug trafficking organizations. I have also executed search warrants and conducted physical and electronic surveillance using confidential sources and sources of information. I am familiar with methods employed by large drug trafficking organizations and the tactics they employ to evade law enforcement, such as the following: frequent changing of cell phones, the use of pre-paid phones (a.k.a. "burner phones"), counter surveillance techniques, the use of false or fictitious identities, and coded communications and conversations.

3. In preparing this Affidavit, I conferred with other law enforcement officials, who share the opinions and conclusions stated herein. I have personal knowledge of the following facts or have learned them from other law enforcement officers. I also relied on my training, experience, and background in law enforcement to evaluate this information. Since this Affidavit is being submitted for the limited purpose of establishing probable

cause for a complaint, I have not included each and every fact or source of information establishing the violation of federal law.

## PROBABLE CAUSE

4.  On August 10, 2023, Special Agents with DEA established surveillance along East Van Buren Street and North 44th Street in Phoenix, Arizona in anticipation of a suspected drug deal. The drug transaction was coordinated, in part, by a DEA Confidential Source (CS). The CS that provided this information to law enforcement is believed to be credible and reliable. The CS is working for financial benefits. To date, the CS has been involved in approximately 100 different operations, which have led to the seizure of distribution quantities of methamphetamine, cocaine, heroin, fentanyl powder, counterfeit M30 Fentanyl pills, and proceeds believed to be generated through the sale of controlled substances. The CS has numerous contacts throughout Arizona and Mexico who provide the CS with drug-related information. The CS shares this information with the DEA.

5.  On August 10, 2023, the CS was communicating with a Phoenix-based drug trafficker, later identified as Ivan Alejandro Rodriguez-Sanchez ("RODRIGUEZ"), regarding purchasing approximately 50,000 suspected M30 Fentanyl pills at a price of $.38 per pill.

6.  On August 10, 2023, the CS received an address near West Camelback Road and North 83rd Avenue from RODRIGUEZ to conduct the drug transaction. Soon thereafter, the CS suggested to RODRIGUEZ the area of East Van Buren Street and North 44th Street in Phoenix, Arizona to conduct the fentanyl transaction. The CS recorded all calls between the CS and RODRIGUEZ discussing the pending fentanyl transaction on August 10, 2023.

7.  Law enforcement officers thereafter established surveillance in the area of the proposed meeting location along East Van Buren Street and North 44th Street in Phoenix, Arizona. At approximately 3:00PM, the CS communicated to RODRIGUEZ the CS' estimated arrival time. Soon thereafter, investigators observed a white Acura TL occupied by two (2) Hispanic males (later identified as RODRIGUEZ and Jesus Eleazar

Cardenas-Inostroza ("CARDENAS")) and a Hispanic female arrive at the meeting location. Law Enforcement officers observed the CS exit the CS' vehicle and approach the white Acura TL, occupied by three (3) aforesaid individuals.

8. Law enforcement officers observed the CS enter and sit in the back seat of the white Acura TL. Investigators thereafter observed the CS conversing with RODRIGUEZ. Soon thereafter, the CS exited the white Acura TL and informed investigators that the CS observed suspected fentanyl pills in the white Acura TL.

9. Shortly thereafter, law enforcement officers wearing clearly marked police attire activated their lights and sirens and approached the white Acura TL. Investigators detained RODRIGUEZ, CARDENAS, and the Hispanic female without incident.

10. During a search of the white Acura TL incident to the arrests of RODRIGUEZ and CARDENAS, law enforcement officers discovered 29 bags wrapped in plastic inside a guitar case, as well as three (3) cellular telephones. Inside the 29 bags, law enforcement officers observed suspected fentanyl pills. The gross weight of the 29 bags of the suspected fentanyl pills was approximately 6.2530 kilograms (including packaging). Law enforcement officers thereafter conducted a field-test of a sample of suspected M30 Fentanyl pills, which indicted presumptive positive for the presence of fentanyl.

11. Investigators identified one of the cellular telephones discovered within the white Acura TL as being assigned the same telephone number as the communication device used to communicate with the CS to arrange the fentanyl pill delivery. Law enforcement officers later identified that same cellular telephone as belonging to RODRIGUEZ.

12. Law enforcement officers thereafter administered CARDENAS his Miranda rights. CARDENAS acknowledged his *Miranda* rights and agreed to speak with law enforcement officers without the presence of an attorney. Post-arrest, post-*Miranda*, CARDENAS admitted to participating in the fentanyl pill delivery and indicated that he (CARDENAS) was going to be paid $500 USD for driving the drugs to the meeting location with the CS.

///

13. Based on facts and circumstances stated in this Affidavit, I submit there is probable cause to believe that RODRIGUEZ and CARDENAS did knowingly and intentionally conspire to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

JOHANNA CHILDRESS *Digitally signed by JOHANNA CHILDRESS Date: 2023.08.11 09:37:28 -07'00'*

Johanna Childress
Special Agent
U.S. Drug Enforcement Administration

Subscribed electronically and sworn to telephonically on this __11__ day of August, 2023. @ 10:29 am

HONORABLE DEBORAH M. FINE
UNITED STATES MAGISTRATE JUDGE